_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-00372-FWS-JDE                                                    Date: March 8, 2023
Title: Shenzhen Jame Technology Corp., Ltd. v. Vinci Brands LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS): ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

   This action was filed in this court on March 2, 2023. (Dkt. 1.) Jurisdiction is alleged on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. However, it appears the court may lack subject matter jurisdiction because the Complaint may not adequately allege the citizenship of all artificial entities. (*See* Dkt. 1.)

   Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). In the case of a partnership, limited liability company, or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members. The citizenship of each of the entity's partners or members must therefore be alleged. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Where a party is joined as a corporation, the complaint must allege both its respective state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012).

   Here, Defendants Vinci Brand LLC and Incipio Technologies LLC are referred to as "corporations" in the caption but alleged to be "companies" in the Complaint. (*See* Dkt. 1 ¶¶ 7-8.) Because these entities are designated as "LLCs," and the Complaint's allegations do not

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-00372-FWS-JDE | Date: March 8, 2023 |
| Title: Shenzhen Jame Technology Corp., Ltd. v. Vinci Brands LLC *et al.* | |

further specify their respective entity forms, it is not clear from the face of the Complaint whether these entities are limited liability companies, (i.e., "LLCs") or corporations. To the extent they are limited liability companies, the Complaint's jurisdictional allegations are inadequate.

     Accordingly, the court **ORDERS** Plaintiff to show cause in writing no later than **March 22, 2023**, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Failure to respond by the above date will result in the Court dismissing this action. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming sua sponte dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.").