Richard Liu (SBN 308050)
Richard.liu@consultils.com
Edward Wells (SBN 321696)
Ted.wells@consultils.com
Sijiu Ren (SBN 332947)
Sean.ren@consultils.com
Innovative Legal Services, P.C.
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Tel: (626)344-8949
*Attorneys for Plaintiff*
*SHENZHEN JAME TECHNOLOGY CORP., LTD.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHENZHEN JAME TECHNOLOGY CORP., LTD., a Chinese corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>VINCI BRANDS LLC, a Delaware limited liability company; INCIPIO TECHNOLOGIES, INC., a California corporation; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 8:23-cv-00372-FWS-JDE<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. **Breach of contract (against Vinci Brands LLC)**<br>2. **Breach of contract (against Incipio Technologies, Inc.)**<br>3. **Account Stated (against Vinci Brands LLC)**<br>4. **Account Stated (against Incipio Technologies, Inc.)**<br>5. **Unfair Competition under Cal. Bus. & Prof. Code §§ 17200 et seq. (against Vinci Brands, LLC)**<br>6. **Unfair Competition under Cal. Bus. & Prof. Code §§ 17200 et seq. (against Incipio Technologies, Inc.)**<br><br>and<br><br>**DEMAND FOR JURY TRIAL** |

## NATURE OF THE ACTION

1. This is a contract and business tort action for which the Court has diversity jurisdiction as provided by 28 U.S.C. § 1332. Defendant Vinci Brands, LLC ("Vinci") has failed to pay millions of dollars in debts to Plaintiff that it does not dispute, and failed to perform its contractual obligations to Plaintiff, inflicting subsequent harm. Incipio has failed to pay millions of dollars it owes to Plaintiff, in violation of its contractual obligations to Plaintiff.

2. Plaintiff Shenzhen Jame Technology Corp., Ltd. ("JMT") brings this action to recover approximately $7,455,761.47 from Defendant Vinci for goods that JMT sold and delivered to Vinci following either the parties' Master Supplier Agreement or Vinci's purchase orders, as well as more than $242,000 in damages that are attributable to Vinci's wrongful repudiation of purchase orders that it submitted to JMT, which JMT accepted.

3. JMT timely issued invoices to Vinci for the goods it delivered to Vinci. Vinci accepted all the goods but failed to pay. All of Vinci's unpaid invoices are overdue and many of them have been owing and unpaid for more than six months.

4. JMT also brings this action to recover approximately $5,120,944.16 from Defendant Incipio Technologies, Inc. for goods that JMT sold and delivered Incipio and its affiliates (the "Incipio Entities") following JMT and Incipio's Master Supplier Agreement or the Incipio Entities' purchase orders.

5. JMT timely issued invoices for the goods delivered to each of the Incipio Entities. The Incipio Entities accepted all the goods, but Incipio has failed to pay. These unpaid invoices have been owing and unpaid since at least 2021.

6. Neither Defendant disputes that it owes payments on the invoices at issue, yet they have failed to pay despite JMT's multiple reminders, forcing JMT to bring this lawsuit to seek the Court's intervention.

## THE PARTIES

7. Plaintiff Shenzhen Jame Technology Corp., Ltd. is a Chinese corporation organized under the laws of China, with its principal place of business at Room 4201, Building 1, Huide Building, Beizhan Community, Minzhi Street, Longhua District, Shenzhen, China.

8. Defendant Vinci Brands, LLC is a Delaware limited liability company, with its principal place of business at 1775 Flight Way, Suite 300, Tustin, CA 92782. Vinci has one member, CWD Armor Management LLC ("CWD").

9. CWD is an Ohio limited liability company. CWD's principal place of business is 1775 Flight Way, Suite 300, Tustin, CA 92782. Upon information and belief, CWD has two members: Glenn Craig Pollack ("Pollack," a resident of Florida) and Stephen Joseph Latkovic ("Latkovic," a resident of Ohio).

10. Defendant Incipio Technologies, Inc. is a California corporation, with its principal place of business at 3 Corporate Plaza Drive, #100, Newport Beach, CA 92660.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and each Defendant, and the amount in controversy exceeds $75,000. Plaintiff JMT is a citizen of China. Vinci's only member is an Ohio LLC, whose members in turn are citizens of Ohio and Florida. Incipio is a citizen of California. Accordingly, there is complete diversity of the parties, and, in view of the amount in controversy (which exceeds $75,000), the Court has subject matter jurisdiction.

12. This Court has personal jurisdiction over Defendant Incipio and Defendant Vinci because all of their principal places of business are in California, and they have a continuous, systematic, and substantial presence within the Central District of California and have engaged in conduct within this district, including

committing the acts that give rise to the claims alleged by JMT and causing damage to it within this district.

13. Venue is proper in this Court, as provided by 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to JMT's claims occurred in this Court's judicial district.

## STATEMENT OF FACTS

14. Plaintiff JMT is a technology company located in Shenzhen, China that manufactures computing goods and mobile phone accessories.

15. In approximately December 2016, JMT entered into a written Master Supplier Agreement with Incipio and the Incipio Entities for JMT to supply products to Incipio for resale (the "Incipio Agreement"). The Incipio Agreement is not attached here because it was marked as Defendant Incipio's confidential information.

16. Among other provisions, the Incipio Agreement provides, in material part relevant to this litigation:

> "The terms and conditions of this Agreement shall apply to all products, goods and services supplied by Supplier to Incipio including any software, documentation, packaging, or other materials, information, services, deliverables and/or documentation that accompany the products (collectively, "Product") and shall apply to all purchase orders ("Incipio PO(s)") issued by Incipio to Supplier for the purchase of Product and any other provision of Product or other products, goods or services by Supplier to Incipio during the term of this Agreement."

Incipio Agreement, at pg. 1, second paragraph.

17. From 2016 to 2021, Incipio and its affiliates, including Incipio, LLC, Incase Designs Corp., and Griffin Technology, LLC (collectively, the "Dissolved Incipio Entities"), placed numerous purchase orders with JMT pursuant to the Incipio Agreement.

18. JMT filled those purchase orders and issued invoices for goods delivered to the Incipio Entities in accordance with the Incipio Agreement and the parties' practices established through their course of conduct. The Incipio Entities

accepted the goods but, starting in mid-2019, Incipio became delinquent in making payments for products purchased from JMT. It eventually stopped making payments altogether.

19. From 2019 to 2021, Incipio failed to pay JMT's invoices totaling more than $5 million. JMT made multiple attempts to collect payments from Incipio. Incipio has never disputed that it owes payments to those invoices, but has nevertheless failed to pay.

20. On information and belief, at all times relevant to this action there existed a unity of interest and ownership among each and every of the Incipio Entities, such that any individuality and separateness among the Incipio Entities did not exist.

21. On information and belief, the Incipio Entities' executives and employees were interchangeable. There was an intermingling of activity among the Incipio Entities, and all the Incipio Entities were engaged in a common enterprise and business.

22. For purposes of the parties' performance under the Incipio Agreement, and of the parties' obligations thereunder, the Dissolved Incipio Entities were mere alter egos of Incipio.

23. The attached **Exhibit 1** lists all the unpaid invoices that JMT has issued to the Incipio Entities for goods sold to and accepted by the Incipio Entities (the "Incipio Unpaid Invoices"). The total outstanding amount is $5,120,944.16, not including any interest on overdue payments.

24. Unbeknownst to JMT, in or around July 2021, Monroe (a secured lender of the Dissolved Incipio Entities) sold its interests in the Incipio Entities through a public sale, which included all the properties, rights, titles and security interests of every kind and nature that Monroe allegedly held in these companies, and that were capable of being conveyed following Article 9 of the UCC.

25. JMT did not receive any notice of the aforementioned public sale or any notice of a purported general assignment for the benefit of creditors entered into by each of the Dissolved Incipio Entities after the public sale.  In any event, it is not clear whether there were any assets left for other creditors of the Dissolved Incipio Entities after the public auction.

26. Armor Acquisition LLC, a privately held investment group, with its headquarters and primary place of business in New York, New York, purchased the Dissolved Incipio Entities' valuable assets at the auction.  On information and belief, Armor Acquisition LLC is in turn wholly owned by Pacific Equity Partners Fund IV, L.P., a limited partnership based in Australia.

27. The sale closed on or about <u>August 6, 2021</u>.  On or around <u>October 14, 2021</u>, Armor Acquisition LLC changed its name to Vinci Brands, LLC, the named defendant in this case.

28. On information and belief, after Vinci purportedly purchased the assets of the Dissolved Incipio Entities, it has continued to operate those entities' prior businesses.  On information and belief, Incipio's former chief executive officer, Brian Stech, has continued to serve as the chief executive officer of Vinci.

29. After Vinci purportedly purchased the Dissolved Incipio Entities' assets, it continued to place purchase orders with JMT in accordance with Incipio and JMT's established course of conduct.  JMT accepted and filled those purchase orders, and timely issued invoices for the goods sold to Vinci pursuant to Vinci's purchase orders.

30. On or about <u>June 15, 2022</u>, Vinci and JMT further entered into a written Master Supplier Agreement to memorialize the parties supply relationship (the "Vinci Agreement").  The Vinci Agreement is not attached here because it was marked as Defendant Vinci's confidential information.

31. Among other provisions, the Vinci Agreement provides, in material part, and relevant to this litigation:

> The terms and conditions of this Agreement shall apply to all products, goods and services supplied by Supplier to Vinci including any software, documentation, packaging, or other materials, information, services, deliverables and/or documentation that accompany the products (collectively, "Product") and shall apply to all purchase orders ("Vinci PO(s)") issued by Vinci to Supplier for the purchase of Product and any other provision of Product or other products, goods or services by Supplier to Vinci during the term of this Agreement.

Vinci Agreement, at pg. 1, second paragraph.

32. But beginning in <u>April</u> or <u>May 2022</u>, Vinci again became delinquent in making payments for products that it purchased from JMT. Vinci eventually stopped making payments entirely.

33. JMT sent multiple reminders to Vinci asking Vinci to remit payments for outstanding invoices. Vinci does not dispute that it owes payments on those invoices but has failed to pay.

34. The attached **Exhibit 2** lists all the unpaid invoices that JMT has issued for goods sold to and accepted by Vinci (the "Vinci Unpaid Invoices"). The total outstanding amount is US$7,455,761.47, <u>not</u> including any interest on overdue payments.

35. Due to Vinci's failure to pay for goods, in or around <u>December 2022</u>, JMT notified Vinci of its intention to terminate the supply relationship.

36. By the time of JMT's notice, Vinci had placed a number of purchase orders with JMT, which JMT had accepted. After JMT notified Vinci of its intention to terminate the supply relationship, Vinci notified JMT of its purported decision to cancel those purchase orders. But by that time, JMT had already manufactured the products called for by most of the purchase orders. JMT tendered the manufactured goods to Vinci for delivery, and Vinci refused to accept them. At the same time, JMT had also acquired materials specifically for filling the remaining purchase orders. While JMT stopped further manufacturing as to those purchase orders, it was not able to return the materials it had already obtained, incurring additional damages.

37. Because of Vinci's wrongful repudiation of its purchase orders, JMT has suffered additional damages to be determined at trial, but in no event less than US$242,000.00.

## COUNT I - BREACH OF CONTRACT
### (Against Vinci)

38. JMT incorporates by reference as though fully set forth herein the allegations of the preceding paragraphs of this Complaint.

39. JMT and Vinci are parties to the Vinci Agreement, the Vinci Unpaid Invoices, and corresponding purchase orders for goods Vinci purchased from JMT.

40. The Vinci Agreement and the Vinci Unpaid Invoices/corresponding purchase orders are binding and enforceable contracts between the parties.

41. JMT has performed all its obligations under the parties' contracts by supplying goods to Vinci in accordance with its purchase orders, which goods were accepted by Vinci.

42. Vinci has breached the parties' contracts by failing to pay for goods that it purchased from JMT.

43. As a result of Vinci's breach, JMT has incurred substantial direct, special and consequential damages in an amount to be determined at trial, but in no event less than US$7,455,761.47.

44. Pursuant to the Vinci Agreement and the parties' established course of conduct, Vinci submitted to JMT the purchase orders listed in **Exhibit 3** ("Open Purchase Orders") and JMT accepted the Open Purchase Orders. The Open Purchase Orders are binding and enforceable contracts.

45. JMT manufactured products and/or acquired materials required for manufacturing products for the Open Purchase Orders. Vinci, however, refused to accept delivery of the manufactured goods and further attempted to cancel the Open Purchase Orders.

46. JMT has performed all its obligations under the Vinci Agreement and each of the Open Purchase Orders.

47. Vinci has breached the parties' contracts by refusing to accept goods manufactured by JMT in accordance with the Open Purchase Orders and by wrongfully repudiating the Open Purchase Orders.

48. As a result of Vinci's breach, JMT has incurred substantial direct, special and consequential damages in an amount to be determined at trial, but in no event less than US$242,000.

## COUNT II - BREACH OF CONTRACT
### (Against Incipio)

49. JMT incorporates by reference as though fully set forth herein the allegations of the preceding paragraphs of this Complaint.

50. JMT and Incipio are parties to the Incipio Agreement, the Incipio Unpaid Invoices, and corresponding purchase orders for goods Incipio and/or its affiliates purchased from JMT.

51. The Incipio Agreement and the Incipio Unpaid Invoices/ corresponding purchase orders are binding and enforceable contracts between the parties.

52. JMT has performed all its obligations under the parties' contracts by supplying goods to Incipio and/or its affiliates in accordance with their purchase orders, which goods were accepted by Incipio and/or its affiliates.

53. Incipio has breached the parties' contracts by failing to remit payments to JMT's invoices.

54. As a result of Incipio's breach, JMT has incurred substantial direct, special and consequential damages in an amount to be determined at trial, but in no event less than US$5,120,944.16.

## COUNT III - ACCOUNT STATED
### (Against Vinci)

55. JMT incorporates by reference as though fully set forth herein the allegations of the preceding paragraphs of this Complaint.

56. Defendant Vinci owes JMT payments on the Vinci Unpaid Invoices listed in **Exhibit 2** for goods that Defendant Vinci purchased from JMT.

57. JMT repeatedly demanded payments from Vinci on the Vinci Unpaid Invoices. Defendant Vinci has not objected to any of the Vinci Unpaid Invoices or contended that it has no obligation to pay any of the invoices.

58. Vinci, by words and/or conduct, has admitted the amounts it owes on the Vinci Unpaid Invoices. Vinci, by words and/or conduct, promised to pay the stated amount to JMT.

59. Defendant Vinci has assented to the amounts due and owing to JMT as reflected in the Vinci Unpaid Invoices. An account was stated between JMT and Vinci.

60. Defendant Vinci has not paid any of the amounts owed under this account.

61. JMT is therefore entitled to a judgment on account stated against Defendant Vinci in the amounts reflected in the invoices, i.e., US$7,455,761.47.

## COUNT IV - ACCOUNT STATED
### (Against Incipio)

62. JMT incorporates by reference as though fully set forth herein the allegations of the preceding paragraphs of this Complaint.

63. Defendant Incipio owes JMT payments on the Incipio Unpaid Invoices listed in **Exhibit 1** for goods that Defendant Incipio and/or its affiliates purchased from JMT.

64. JMT repeatedly demanded payments from Incipio on the Incipio Unpaid Invoices. Defendant Incipio has not objected to any of the Incipio Unpaid Invoices or contended that it has no obligation to pay any of the invoices.

65. Incipio, by words and/or conduct, has admitted the amounts it owes on the Incipio Unpaid Invoices. Incipio, by words and/or conduct, promised to pay the stated amount to JMT.

66. Defendant Incipio has assented to the amounts due and owing to JMT as reflected in the Incipio Unpaid Invoices. An account was stated between JMT and Incipio.

67. Defendant Incipio has not paid any of the amounts owed under this account.

68. JMT is therefore entitled to a judgment on account stated against Defendant Incipio in the amounts reflected in the invoices, i.e., US$5,120,944.16.

## COUNT V –
## UNFAIR COMPETITION (CAL. BUS. & PROF. CODE §§ 17200, ET. SEQ.)
## (Against Vinci)

69. JMT incorporates by reference as though fully set forth herein the allegations of the preceding paragraphs of this Complaint.

70. Defendant Vinci's acts alleged herein including, without limitation, its breaches of the contracts with JMT, wrongful repudiation of its purchase orders, and refusal to accept goods tendered by JMT pursuant to Vinci's purchase orders, constitute unfair and unlawful business acts and practices under Business and Professions Code Section 17200, et seq., because such acts are forbidden by various state laws (including Cal. Civ. Code § 1428, Cal. Com. Code §§ 2602, 2605, 2607, 2609, 2610, 2611, and 2703) and are unscrupulous, unfair, and injurious to Plaintiff JMT.

71. Upon information and belief, the UCC Article 9 transactions between Defendant Incipio, Monroe, and Defendant Vinci were also unlawful, unfair, fraudulent, and injurious to Plaintiff JMT because, including without limitation, (1) Plaintiff JMT did not receive any prior notice, (2) the evaluation of Incipio's collateral did not meet the market standard, which makes the transactions

commercially unreasonable, (3) the defective transaction process was conducted for the purpose to allow Defendant Incipio, Pollack and Latkovic avoid legal and contractual liabilities and constitutes injuries to not only Plaintiff JMT and other creditors for millions of dollars.  The Article 9 transactions accordingly violated Cal. Com. Code § 9 et seq. and constitute unfair competition actionable under Cal. Bus. & Prof. Code § 17200.

72. Upon information and belief, the above unlawful, unfair, and fraudulent scheme also constitutes a fraudulent transfer, especially considering that Defendant Vinci is a mere alter ego of Defendant Incipio based upon the facts and reasons alleged above.  Cal. Civ. Code § 3439 et seq.  This, too, is unfair competition actionable under Cal. Bus. & Prof. Code § 17200.

73. Further, upon information and belief, Pollack and Latkovic also lent loans to Defendant Vinci (while being the only owners) so that they also became secured creditors of Defendant Vinci.  The scheme was conducted for the sole purpose of allowing Defendant Incipio and Defendant Vinci to continue their misconduct without having Pollack and Latkovic to bear any liabilities.  Such a scheme constitutes a fraudulent transfer and in violation of California's Uniform Voidable Transactions Act.  Cal.  Civ. Code § 3439 et seq. This, too, is unfair competition actionable under Cal.  Bus. & Prof. Code § 17200.

74. As a proximate result of Defendant Vinci's unfair practices, Plaintiff JMT suffered and will continue to suffer economic loss and other general and specific damages in amounts to be determined at trial.

75. As a proximate result of Defendant Vinci's unfair practice, Plaintiff JMT suffered and will continue to suffer immediate and irreparable harm, until and unless Defendant Vinci's misconduct is preliminarily and permanently enjoined.

### COUNT VI –
### UNFAIR COMPETITION (CAL. BUS. & PROF. CODE §§ 17200, ET. SEQ.)
### (Against Incipio)

76. JMT incorporates by reference as though fully set forth herein the allegations of the preceding paragraphs of this Complaint.

77. Defendant Incipio's acts alleged herein including, without limitation, its breaches of the contracts with JMT and other unfair business practices, constitute unfair and unlawful business acts and practices under Business and Professions Code Section 17200, et seq., because such acts are forbidden by various state laws (such as Cal. Civ. Code § 1428, Cal. Com. Code §§ 2602, 2605, 2607, 2609, 2610, 2611, and 2703) and are unscrupulous, unfair, and injurious to Plaintiff JMT.

78. The UCC Article 9 transactions between Defendant Incipio, Monroe, and Defendant Vinci were also unlawful, unfair, fraudulent, and injurious to Plaintiff JMT because, including without limitation, (1) Plaintiff JMT did not receive any prior notice, (2) the evaluation of Incipio's collateral did not meet the market standard, which makes the transactions commercially unreasonable, (3) the defective transaction process was conducted for the purpose to allow Defendant Incipio, Pollack, and Latkovic avoid legal and contractual liabilities and constitutes injuries to not only Plaintiff JMT and other creditors for millions of dollars. The Article 9 transactions accordingly violated Cal. Com. Code § 9 et seq. and constitute unfair competition actionable under Cal. Bus. & Prof. Code § 17200.

79. The above unlawful, unfair, and fraudulent scheme also constitutes a fraudulent transfer, especially that Defendant Vinci is only an alter ego of Defendant Incipio based upon the facts and reasons alleged above. Cal. Civ. Code § 3439 et seq. This, too, is unfair competition actionable under Cal. Bus. & Prof. Code § 17200.

80. Further, upon information and belief, Pollack and Latkovic also lent loans to Defendant Vinci (while they are the only owners) so that they also became secured creditors of Defendant Vinci. The scheme was conducted for the sole purpose for Defendant Incipio and Defendant Vinci to continue its misconduct

without having Pollack and Latkovic to bear any liabilities. Such a scheme constitute a fraudulent transfer and in violation of the California's Uniform Voidable Transactions Act. Cal. Civ. Code § 3439 et seq. This, too, is unfair competition actionable under Cal. Bus. & Prof. Code § 17200.

81. As a proximate result of Defendant Incipio's unfair practice, Plaintiff JMT suffered and will continue to suffer economic loss and other general and specific damages in amounts to be determined at trial.

82. As a proximate result of Defendant Incipio's unfair practice, Plaintiff JMT suffered and will continue to suffer immediate and irreparable harm, until and unless Defendant Incipio's misconduct is preliminarily and permanently enjoined.

## PRAYER FOR RELIEF

WHEREFORE, JMT respectfully requests that this Court grant the following relief in its favor and against Defendants:

(a) A judgment according to proof in favor of JMT for any actual, special and consequential damages incurred by JMT as a result of Defendant Vinci's breach of contract;

(b) A judgment according to proof in favor of JMT for any actual, special and consequential damages incurred by JMT as a result of Defendant Incipio's breach of contract;

(c) A judgment according to proof in favor of JMT on its account stated claim against Defendant Vinci;

(d) A judgment according to proof in favor of JMT on its account stated claim against Defendant Incipio;

(e) A judgment according to proof in favor of JMT for any actual, special and consequential damages incurred by JMT as a result of Defendant Vinci's violation of the California unfair competition law, Cal. Bus. & Prof. Code §§ 17200, et seq.;

(f) A judgment according to proof in favor of JMT for any actual, special

and consequential damages incurred by JMT as a result of Defendant Incipio's violation of the California unfair competition law, Cal. Bus. & Prof. Code §§ 17200, et seq.;

 (g) Award JMT all applicable prejudgment interest and post-judgment interest at the maximum legal rate;

 (h) Award JMT its reasonable attorneys' fees and costs, to the extent permitted by law;

 (i) Award JMT punitive and exemplary damages against Defendants according to proof; and

 (j) Award JMT such other and further relief as the Court deems just and proper.

INNOVATIVE LEGAL SERVICES, P.C.
355 S Grand Ave, Suite 2450
Los Angeles, CA. 90071
Tel: (626)344-8949

| | |
|---|---|
| Dated: March 22, 2023 | INNOVATIVE LEGAL SERVICES, P.C.<br><br>By: _____<br>Richard Liu, Esq.<br>Edward Wells, Esq.<br>Sijiu Ren, Esq.<br><br>*Attorneys for Plaintiff*<br>SHENZHEN JAME TECHNOLOGY CORP., LTD. |

## JURY DEMAND

Plaintiff hereby demands a jury trial.

| | |
|---|---|
| Dated: March 22, 2023 | INNOVATIVE LEGAL SERVICES, P.C.<br><br>By: _____<br>Richard Liu, Esq.<br>Edward Wells, Esq.<br>Sijiu Ren, Esq.<br><br>*Attorneys for Plaintiff*<br>SHENZHEN JAME TECHNOLOGY CORP., LTD. |